FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JAN 3 0 2009

JAMES N. HATTEN, Clerk
By  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDRE BERNARD BLOOM,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | :<br>:<br>: CIVIL ACTION NO.<br>: 1:09-CV--TWT<br>:<br>: 189<br>:<br>: |

## ORDER AND OPINION

On January 22, 2009, this Court received a pleading entitled "Affidavit of Reservation of Rights Pursuant to the Uniform Commercial Code (UCC) § 1-308" ("Affidavit"). [Doc. 1]. The Clerk of Court docketed this pleading as a 28 U.S.C. § 2241 petition filed by Andre Bernard Broom ("Broom").

A review of the Affidavit reveals that it was executed by an individual identifying himself as Undra Bernard Broom-El ("Broom-El"). Broom-El references Broom's recent federal criminal proceeding before the Honorable Willis B. Hunt, Jr. (See United States v. Broom, Case No. 1:05-CR-51-WBH-1). In that criminal proceeding, Broom was convicted of using a communication facility to facilitate a conspiracy to possess with the intent to distribute cocaine. (Id., Doc. 8 at 1). Judge Hunt sentenced Broom to eighty-seven months in prison. (Id., Doc. 8 at 2).

AO 72A
(Rev.8/82)

Broom-El seeks to claim "Reservation of Rights" pursuant to §§ 1-308 and 1-103 of Uniform Commercial Code ("UCC"). Broom-El requests that Judge Hunt release his "order of the court" and that this Court "produce the injured party/parties/person/persons, who has filed a verified complaint (International Contract) who was injured as the result of" Broom's criminal conduct. [Id. at 2-3]. Finally, Broom-El cryptically states that "if this Court is taking jurisdiction in Admiralty, then this Court need to place the contract in evidence so that [Broom-El] may challenge the validity." [Id.].

This Court initially questions whether Broom-El and Broom are separate individuals. Broom-El states that he is not Broom, but rather "the Third-Party Intervenor" and "Secured Party/Creditor." [Id. at 2-3]. Court records indicate, however, that the Affidavit was mailed from Broom's current place of residence, the Federal Correctional Institution in Ashland, Kentucky. Other than his name and his purported status as a "Third-Party-Intervenor" and a Secured/Party Creditor, no additional information is provided with respect to Broom-El.

This Court will nevertheless assume for purposes of this Order that Broom-El and Broom are separate individuals. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such

2

courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. This statute, therefore, does not permit non-attorneys to represent other parties. See Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986). Thus, to the extent that Broom-El and Broom are not the same person, Broom-El cannot bring a federal civil action on behalf of Broom.

Furthermore, it does not appear that the Affidavit was intended to be filed as a § 2241 habeas action. Rather than constituting a separate action, Broom-El identifies Broom's federal criminal proceeding at the top of the first page of the Affidavit. Thus, this Court finds that Broom-El intended to file the Affidavit in Broom's federal criminal proceeding.

Accordingly, **IT IS HEREBY ORDERED** that the instant action is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to docket the Affidavit in United States v. Broom, Case No. 1:05-CR-51-WBH-1.

**IT IS SO ORDERED**, this _30_ day of _January_, 2009.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)